IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ERICK D. DAVIS | ) | Case No. 11-10879 |
| LUCRETIA DAVIS, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| MICHAEL D. WEST, | ) | |
| BANKRUPTCY ADMINISTRATOR | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 11-02064 |
| v. | ) | |
| | ) | |
| ERICK D. DAVIS | ) | |
| LUCRETIA DAVIS | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

Before the Court is the Motion for Summary Judgment (the "Motion") filed on July 13, 2012. pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure by the United States Bankruptcy Administrator (the "BA"). To date, the Debtors have not filed a response to the Motion. Upon consideration of the Motion and the relevant law, and for the reasons explained below, the Court will grant the Motion.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Local Rule 83.11 of the United States District Court for the Middle District of North Carolina. This is a core proceeding within the meaning of 28 U.S.C.

§§ 157(b)(2)(A), which this Court has the jurisdiction to hear and determine. Pursuant to the analysis in Stern v. Marshall, -- U.S. --, 131 S. Ct. 2594 (2011), the Court may enter a final order in this matter.

## II. BACKGROUND AND PROCEDURAL HISTORY

The facts are drawn from the pleadings in this case and are not in dispute. On June 3, 2011, the Debtors filed a joint petition seeking Chapter 7 protection. On June 22, 2011, the Administrative Office of the Courts randomly selected the Debtors' case for audit. After completing the audit, Tichnor & Associates, LLP filed a Report of Audit in the bankruptcy case revealing various issues in the Debtors' petition, schedules and statements, including a material misstatement of current monthly income by failing to report $1,494.00 for the purposes of the Means Test, a $936.00 discrepancy in total current monthly income, and the failure to disclose in their Statement of Financial Affairs two businesses, a Belk 401(k) account having a $20,511.00 balance as of March 31, 2011, and three closed Bank of America accounts.

On October 11, 2011, the BA initiated this adversary proceeding seeking to deny the Debtors' discharge pursuant to Sections 727(a)(4) and (5)[1] and served upon the Debtors a request for admissions and interrogatories. The Debtors submitted answers to the interrogatories, but failed to answer the request for admissions. On June 19, 2012, the Court entered an order deeming the requests admitted. On July 13, 2012, the BA filed the Motion, and the Debtors have failed to respond.

---

[1] The BA also moved to dismiss the case pursuant to 11 U.S.C. 707(b)(3), but that motion is not before the Court on summary judgment.

### III.  STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56, made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7056, directs a court to grant a motion for summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970).  When considering a motion for summary judgment, a court must view the facts, and any reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994).  The moving party bears the burden of establishing the absence of any genuine issue of material fact.  Celotex, 477 U.S. at 323.

### IV.  ANALYSIS

Pursuant to Local Bankruptcy Rule 7056-1(c), a response and brief in opposition to a motion for summary judgment may be filed within 21 days of the filing of the motion for summary judgment.  LBR 7056-1(g) provides that if a respondent fails to file a response within the time required by LBR 7056-1(c), then the motion may be considered and decided as an uncontested motion.  As the Debtors have failed to respond to the Motion for 28 days, pursuant to Local Rule 7056-1(c), the Motion is therefore an uncontested motion.

Section 727(a)(4) provides that a court must grant a discharge to a debtor unless the debtor "knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A). The random audit of the Debtors' case revealed significant

3

misstatements and omissions in schedules and other filings regarding the Debtors' financial affairs. Furthermore, the Debtors' Answer to the Complaint admits that the Debtors' monthly income was not correctly calculated, with no further explanation. The Answer also admits to making the omissions but fails to provide sufficient justification for so doing.

## IV.  CONCLUSION

Because the Court finds that no genuine issue exists as to any material fact and the Trustee is entitled to a judgment as a matter of law, and because the Debtors failed to respond to the Motion, the Motion will be granted.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ERICK D. DAVIS | ) | Case No. 11-10879 |
| LUCRETIA DAVIS, | ) | Chapter 7 |
| | ) | |
|     Debtors. | ) | |
| _____ | ) | |
| MICHAEL D. WEST, | ) | |
| BANKRUPTCY ADMINISTRATOR | ) | |
| | ) | |
|     Plaintiff, | ) | Adv. Pro. No. 11-02064 |
| v. | ) | |
| | ) | |
| ERICK D. DAVIS | ) | |
| LUCRETIA DAVIS | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

## PARTIES IN INTEREST

Michael D. West, Bankruptcy Administrator

Kenneth M. Johnson, Esq.

Erick D Davis

Lucretia Davis